# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TYEASEE P. DAVIS, an individual,** ) ) ) | |
| **Plaintiff,** ) ) | **CASE NO.: _____** |
| v. ) ) | |
| **THOEUN BUN PHATH, an individual,** ) ) | |
| **PEAK LOGISTICS, L.L.C., a dissolved foreign limited liability company,** ) ) ) ) ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, TYEASEE P. DAVIS, and for the relief hereinafter sought, respectfully show unto this Honorable Court as follows:

### Parties

1. Plaintiff, TYEASEE P. DAVIS, is an individual over the age of nineteen (19) and a resident of Jefferson County, Alabama.

2. Defendant, THOEUN BUN PHATH, is an individual over the age of nineteen (19) and upon information is believed to be a resident of Orange County, California.

3. Defendant, PEAK LOGISTICS, LLC, is a dissolved limited liability

company that was formed in the state of California. Upon information and belief, it was in the business of interstate trucking and transport and conducted business in the State of Alabama. PEAK LOGISTICS, LLC had its principal place of business located in Fullerton, California up until November 5, 2018.

4. On or about December 9, 2017, Defendant PEAK LOGISTICS, LLC owned and/or leased, maintained and controlled a 2016 Volvo tractor-trailer (VIN # 4V4NC9EHXGN941277) operated by driver THOEUN BUN PHATH and involved in an incident with a vehicle occupied by Plaintiff TYEASEE P. DAVIS, which resulted in serious personal injuries.

5. All of the acts and omissions alleged in this civil action were acts and omissions that occurred while driver THOEUN BUN PHATH was acting within the line and scope of his employment as an employee of Defendant PEAK LOGISTICS, LLC

6. This Complaint is brought against all employees and agents of Defendant PEAK LOGISTICS, LLC and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant PEAK LOGISTICS, LLC who set policy or play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant PEAK LOGISTICS, LLC

7. Defendant PEAK LOGISTICS, LLC, as a legal entity, can only act

through its officers, employees and agents. As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Defendant PEAK LOGISTICS, LLC is responsible for its tortious acts or omissions that are the direct and proximate cause of injuries to Plaintiff TYEASEE P. DAVIS.

**Jurisdiction & Venue**

8. The Plaintiff adopts and incorporate paragraphs one (1) through seven (7) as if fully set out herein.

9. This civil action is filed pursuant to 28 U.S.C. § 1332, as the parties are each citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has proper subject matter jurisdiction.

10. On the date forming the basis of this civil action, THOEUN BUN PHATH was operating a commercial motor vehicle in Calhoun County, Alabama in interstate commerce and within the line and scope of his employment with Defendant PEAK LOGISTICS, LLC. Accordingly, this Court has personal jurisdiction over the Defendant.

11. The United States District Court for the Northern District of Alabama, Eastern Division, is the proper venue for this civil action, pursuant to 28 U.S.C. § 1391(b)(2).

**Factual Allegations**

12. The Plaintiff adopts and incorporates paragraphs one (1) through eleven (11) as if fully set out herein.

13. On or about December 9, 2017, at approximately 7:15 A.M. CDT, Plaintiff TYEASEE P. DAVIS occupied a private passenger vehicle traveling West on Interstate 20, in Calhoun County, Alabama.

14. At the same time and place, upon information and belief, THOEUN BUN PHATH was operating a commercial tractor-trailer unit that was leased and/or owned by Defendant PEAK LOGISTICS, LLC.

15. At the same time and place, upon information and belief, THOEUN BUN PHATH was employed by and was acting within the line and scope of his employment as a driver and hauler working for the commercial benefit of Defendant PEAK LOGISTICS, LLC.

16. At the same time and place, upon information and belief, THOEUN BUN PHATH caused or allowed the tractor trailer unit he was operating to abruptly change lanes from the middle lane to the left lane, striking the vehicle occupied by Plaintiff TYEASEE P. DAVIS.

17. The incident forming the basis of this Complaint is recorded in an Alabama Uniform Traffic Crash Report bearing DPS Case No. 7747721.

18. As a direct and proximate consequence of the incident described in

paragraph sixteen (16), above, the Plaintiff was caused to suffer injuries and damages as described with particularity in paragraph twenty-two (22), below.

## Count One
### *Negligence/Wantonness/Willfulness*

19. The Plaintiff adopts and incorporate paragraphs one (1) through eighteen (18), as if fully set out herein.

20. At the time of the collision forming the basis of this civil action, Defendant THOEUN BUN PHATH had a duty to refrain from operating a commercial motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

21. Defendant THOEUN BUN PHATH, while acting at all times in the line and scope of his employment with Defendant PEAK LOGISTICS, LLC breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his commercial motor vehicle to strike a vehicle owned, operated and/or occupied by Plaintiff TYEASEE P. DAVIS, including, but not limited to, the following conduct:

   a. Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

   b. Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

   c. Failing to yield the right-of-way to the Plaintiff; and

   d. Operating his commercial motor vehicle without adequate training,

experience and qualification.

e. Following too closely behind the vehicle in front of him;

f. Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

g. Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

h. Failing to ensure that he had adequate stopping distance to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

i. Failing to ensure that he had adequate maneuvering room to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

j. Failing to maintain proper speed, given the weight of his tractor-trailer and his limited stopping and maneuvering distance and line-of-sight;

k. Driving at an unsafe rate of speed; and

l. Operating his tractor-trailer without adequate training, experience and qualification.

22. As a direct and proximate consequence of the conduct of Defendant THOEUN BUN PHATH, Plaintiff TYEASEE P. DAVIS was caused to suffer injuries and damages including, but not limited to:

a. The Plaintiff was caused to suffer injuries that were and are attended by great physical pain and suffering;

b. The Plaintiff was caused and will be caused in the future to incur medical expenses;

c. The Plaintiff suffered permanent injuries;

  d.  The Plaintiff suffered mental anguish and emotional distress; and

  e.  The Plaintiff suffered past, present and future lost earnings and lost earning capacity.

  WHEREFORE, PREMISES CONSIDERED, Plaintiff TYEASEE P. DAVIS requests that the jury selected to hear this case render a verdict for the Plaintiffs and against Defendant THOEN BUN PHATH for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Two
### *Respondeat Superior*

  23.  The Plaintiffs adopt and incorporate paragraphs one (1) through twenty-two (22) as if fully set out herein.

  24.  At the time of the incident forming the basis of this civil action, Defendant PEAK LOGISTICS, LLC was the principal, master and/or employer of Defendant THOEN BUN PHATH.

  25.  At the time of the incident forming the basis of this civil action,

Defendant THOEN BUN PHATH was the agent, servant and/or employee of Defendant PEAK LOGISTICS, LLC.

26. At the time and place of the collision forming the basis of this civil action, Defendant THOEN BUN PHATH was acting within the line and scope of his employment with Defendant PEAK LOGISTICS, LLC and was operating a tractor trailer in furtherance of the business purposes of Defendant PEAK LOGISTICS, LLC.

27. Defendant THOEN BUN PHATH, while acting at all times in the line and scope of his employment with Defendant PEAK LOGISTICS, LLC breached his duty to the Plaintiff by negligently, wantonly, recklessly or willfully causing or allowing his tractor trailer to swerve into the Plaintiffs' lane, including, but not limited to, the following conduct:

   a. Following too closely behind the vehicle in front of him;

   b. Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

   c. Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

   d. Failing to ensure that he had adequate stopping distance to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

   e. Failing to ensure that he had adequate maneuvering room to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

    f.    Failing to maintain proper speed, given the weight of his tractor-trailer and his limited stopping and maneuvering distance and line-of-sight;

    g.    Driving at an unsafe rate of speed; and

    h.    Operating his tractor-trailer without adequate training, experience and qualification.

28.    As a direct and proximate consequence of the conduct of Defendant THOEN BUN PHATH, Plaintiff TYEASEE P. DAVIS was caused to suffer injuries and damages as outlined in paragraph twenty-two (22) above:

29.    As a result of the foregoing, Defendant PEAK LOGISTICS, LLC, as principal, is vicariously liable to Plaintiff TYEASEE P. DAVIS for the negligent, wanton, reckless or willful conduct of Defendant THEON BUN PHATH, as agent, which proximately caused injuries and damages to Plaintiff TYEASEE P. DAVIS, as set forth in paragraph twenty-two (22), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff TYEASEE P. DAVIS requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendants PEAK LOGISTICS, LLC for compensatory damages in an amount that will adequately compensate the Plaintiffs for the injuries and damages sustained due to the Defendants' conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendants' conduct and deter similar future conduct.  Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest

from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Three
### *Negligent Hiring, Training, Retention & Supervision*

30. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-nine (29), as if fully set out herein.

31. At all times relevant to the events forming the basis of this civil action, Defendant PEAK LOGISTICS, LLC owed a duty to Plaintiff TYEASEE P. DAVIS, and to the other members of the motoring public, to exercise reasonable care in:

   a. Hiring and retaining its drivers;

   b. Providing training and instruction to its drivers;

   c. Properly supervising its drivers;

   d. Complying with federal, state or local regulations concerning the inspection, maintenance and operations of its tractor-trailers;

   e. Ensuring that its drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operations of its tractor-trailers;

   e. Establishing safe procedures for the operation of its tractor-trailers; and

   f. Inspecting, maintaining and repairing its tractor-trailers.

32. At all times relevant to the events forming the basis of this civil action, Defendant PEAK LOGISTICS, LLC breached the duties set forth above by

failing to use reasonable care in its:

    a.    Hiring of its drivers, employees or agents, including THOEN BUN PHATH;

    b.    Training of its drivers, employees or agents, including THOEN BUN PHATH;

    c.    Retention of its drivers, employees or agents, including THOEN BUN PHATH;

    d.    Supervision of its business operations, by failing to properly monitor the driving habits and records of its drivers, employees or agents in a manner consistent with accepted industry practices, including THOEN BUN PHATH;

    e.    Instruction of its drivers, employees or agents, including THOEN BUN PHATH;

    f.    Supervision of its drivers, employees or agents, including THOEN BUN PHATH;

    g.    Entrustment of a tractor-trailer to its drivers, employees or agents, including THOEN BUN PHATH;

    h.    Inspection of its tractor-trailers;

    i.    Proper execution of its business practices and procedures;

    j.    Compliance with state and federal regulations;

    k.    Enforcement of its drivers', employees' or agents' compliance with state and federal regulations, including THOEN BUN PHATH;

    l.    Auditing of the logs of its drivers, employees or agents, including THOEN BUN PHATH;

    m.    Utilization of available information to properly monitor its drivers, employees or agents, including THOEN BUN PHATH, for compliance with company policies, state regulation and federal regulations; and

n.   Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

33.   As the entity that employed and controlled THOEN BUN PHATH, Defendant PEAK LOGISTICS, LLC failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

34.   As a proximate consequence of Defendant PEAK LOGISTICS, LLC's breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of THOEN BUN PHATH, Plaintiff TYEASEE P. DAVIS suffered the injuries and damages set forth in paragraph twenty-two (22), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff TYEASEE P. DAVIS requests that the jury selected to hear this case render a verdict for the Plaintiffs and against Defendant PEAK LOGISTICS, LLC for compensatory damages in an amount that will adequately compensate the Plaintiffs for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Four
### *Negligence Per Se*

35. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-four (34), as if fully set out herein.

36. Under the Federal Motor Carrier Safety Regulations, Defendant PEAK LOGISTICS, LLC owed the general public, including Plaintiff TYEASEE P. DAVIS, a duty to determine the qualifications of its employees, including, but not limited to, (a) adequately evaluating applicants before hiring them as truck drivers, and (b) adequately evaluating these persons' performance, including thorough training and supervision, so as to discharge any incompetent or negligent applicant/employee before he injures any member of the motoring public.

37. Defendant PEAK LOGISTICS, LLC had a statutory duty to properly screen its applicants for employment.  Under the Federal Motor Carrier Safety Regulations, Defendant PEAK LOGISTICS, LLC had numerous statutory duties, including, but not limited to, the following:

   a. To ensure the general qualifications of any driver it permitted to operate one of its tractor-trailers.  49 C.F.R. §391.11 & §391.15;

   b. To ensure that a driver it permitted to operate one of its tractor-trailers possessed the requisite familiarity with the proper location, distribution and securement of his cargo.  49 C.F.R. §391.13;

   c. To obtain a completed employment application before permitting an applicant to operate one of its tractor-trailers.  49 C.F.R. §391.21;

d. To fully investigate a driver's employment history by all reasonable means. 49 C.F.R. §391.23(d)-(k);

e. To fully investigate the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment. 49 C.F.R. §391.23(a)-(c);

f. To properly conduct an annual inquiry and review of a driver's driving record. 49 C.F.R. §391.25;

g. To properly obtain records of all violations of motor vehicle traffic laws for each of its drivers every twelve (12) months. 49 C.F.R. §391.27;

h. To require a successfully completed road test before commencing employment and permitting an applicant to operate one of its tractor-trailers. 49 C.F.R. §391.31;

i. To ensure the physical and medical qualifications of its applicants. 49 C.F.R. §§391.41-391.49;

j. To maintain an appropriate driver qualification file for each of its drivers. 49 C.F.R. §391.51; and

k. To maintain an appropriate driver investigation history file for each of its drivers. 49 C.F.R. §391.53.

38. Defendant PEAK LOGISTICS, LLC breached each of these statutory obligations and permitted THOEN BUN PHATH to operate its tractor-trailers after negligible efforts, if any, to determine whether THOEN BUN PHATH was competent and fit to drive its tractor-trailers.

39. Defendant PEAK LOGISTICS, LLC had a duty to comply with the Federal Motor Carrier Safety Regulations so as to protect the general public, including Plaintiff TYEASEE P. DAVIS, from the unsafe operation of commercial

motor vehicles hauling cargo in interstate commerce. Plaintiff TYEASEE P. DAVIS belong to the class of persons that the Federal Motor Carrier Safety Regulations were intended to protect, and the personal injuries suffered by Plaintiff TYEASEE P. DAVIS were the types of injuries that the federal safety regulations were specifically intended to prevent.

40.   Plaintiff TYEASEE P. DAVIS's injuries were proximately caused by Defendant PEAK LOGISTICS, LLC's breaches of the statutory obligations referenced in paragraph thirty-seven (37), above. If it had properly screened THOEN BUN PHATH's background, Defendant PEAK LOGISTICS, LLC would not have hired or retained him as a driver, and this incident would not have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff TYEASEE P. DAVIS requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant PEAK LOGISTICS, LLC for compensatory damages in an amount that will adequately compensate the Plaintiffs for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

                                **/s/  T. Brian Hoven**
                                T. Brian Hoven
                                State Bar No.: ASB-2811-T67H
                                SHUNNARAH INJURY LAWYERS
                                2900 1st Avenue South
                                Birmingham, Alabama 35233
                                P 205.983.8139
                                F 205.983-8439
                                bhoven@asilpc.com
                                Attorney for the Plaintiff

## **JURY DEMAND**

The Plaintiff demands a trial by jury on all counts in the Complaint, pursuant to Federal Rule of Civil Procedure 38 and the 7th Amendment of the United States Constitution.

                                **/s/  T. Brian Hoven**
                                T. Brian Hoven
                                State Bar No.: ASB-2811-T67H
                                SHUNNARAH INJURY LAWYERS
                                2900 1st Avenue South
                                Birmingham, Alabama 35233
                                P 205.983.8139
                                F 205.983-8439
                                bhoven@asilpc.com
                                Attorney for the Plaintiff